UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3680 |
| | § | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Deutsche Bank Trust Company Americas' ("Deutsche Bank") motion to dismiss Plaintiff James Grisham's first amended complaint. Doc. 8. Deutsche Bank moved to dismiss under Rule 12(b)(6) on the grounds that Grisham's complaint "lacks a cognizable legal theory" for his declaratory judgment claims, that he lacks standing to challenge the mortgage assignment, and that his fraud claim fails to satisfy the heightened pleading requirements of Rule 9(b). *Id.* at 5-12.

Having considered Defendant's motion, the facts of this case, and the applicable law, the Court finds that Defendant's motion to dismiss should be granted.

I. Background

As alleged in his first amended complaint, Grisham purchased a home in Houston, Texas on August 24, 2005. Doc. 6 at 2. Grisham financed the purchase with a mortgage from Homecomings Financial Network, Inc. Doc. 6-1. In March 2009, Grisham defaulted on the Note. Doc. 6 at 3.

Grisham contends that on April 24, 2009, Deutsche Bank executed an assignment of deed of trust "that purported to assign the Note and Deed of trust to itself." *Id.* The assignment of deed

of trust that Grisham introduced, however, records a transfer from Homecomings Financial Network, Inc. to Deutsche Bank. Doc. 6-2. The assignment was signed by Jeffrey Stephan, Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS") "SOLELY AS NOMINEE FOR HOMECOMINGS FINANCIAL NETWORK, INC." *Id.*

Grisham alleges that Stephan did not work for MERS but instead worked for GMAC Mortgage, LLC ("GMAC") and that Homecomings Financial Network Inc. previously had "merged into another entity" and "no longer existed." Doc. 6 at 4. In addition, Grisham alleges that Stephan is a "robo-signer."[1] *Id.* at 3. According to Grisham, the State of Ohio currently is suing Stephan for fraud concerning the assignment of notes with the aim of vacating foreclosure judgments, and Florida and Maine courts have "sanctioned [GMAC] . . . for submitting false affidavits signed by Jeffrey Stephan and his immediate supervisor." *Id.* at 3-6.

On September 8, 2010, Deutsche Bank filed an application for expedited foreclosure proceeding pursuant to Rule 736 of the Texas Rules of Civil Procedure in the 164th Judicial District of Harris County. *Id.* at 4; *see* Doc. 8-1. The application was accompanied by an affidavit signed by Kristine Wilson stating "that he/she has read the above and foregoing Application for Expedited Foreclosure Proceeding Pursuant to Rule 736 of the Texas Rules of Civil Procedure regarding JAMES GRISHAM and 5645 BAYOU GLEN ROAD, HOUSTON, TX 77056, and that every statement contained therein is within his/her personal knowledge and is true and correct." Doc. 8-1 at 5. Grisham alleges that Wilson is also a "robo-signer," that she did not have personal knowledge of the Application, and that both "the Assignment and the Affidavit were fabricated for litigation purposes." Doc. 6 at 4-5.

---

[1] "The staff used by US banks to sign off on foreclosures have been dubbed 'robo signers' for the speed with which they rubber-stamped mortgage documents without checking their accuracy." Julia Kollewe, *Q&A: What Are Mortgage Foreclosure 'Robo Signers'?*, THE GUARDIAN (London), Oct. 14, 2010, http://www.guardian.co.uk/business/2010/oct/14/what-are-us-foreclosure-robo-signers.

On September 15, 2011, Grisham sued Deutsche Bank in the 133rd Judicial District of Harris County requesting "a declaratory judgment that Defendant does not have a right to foreclose on the Property," "an adjudication that (i) Defendant is not entitled to an expedited foreclosure under TRCP 736, and (ii) Defendant is not a holder in due course of the Note and has not shown itself to be a holder or owner of the Note," and "an opportunity to conduct discovery to determine . . . the degree to which Defendant intentionally presented the Application with a defective affidavit and why Defendant abandoned its efforts to procure a legitimate affidavit and correct the initial application." Doc. 1-1 at 6-7. On September 22, 2011, Deutsche Bank entered a non-suit in its foreclosure proceeding. Doc. 6 at 6. On October 14, 2011, Deutsche Bank removed Grisham's case from the 133rd Judicial District to this Court on diversity jurisdiction grounds. Doc. 1.

On October 18, 2011, Deutsche Bank filed a motion to dismiss Grisham's original petition on the grounds that it "fail[s] to support any legally cognizable cause of action" under Rule 12(b)(6) and "fails to state a cognizable legal theory" to satisfy the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Doc. 4 at 5-6. On November 6, 2011, Grisham filed an amended complaint in which he asserted a claim for fraud and again requested declaratory judgments "that Defendant does not own the Note and has no right to foreclose under the Deed of Trust," "that the purported Assignment is invalid and did not operate to transfer the Note to Defendant," "that Defendant is not entitled to an expedited foreclosure under TRCP 736," and "that Defendant is not a person entitled to enforce the Note under Section 3.301 of the Texas Business & Commerce Code." Doc. 6 at 7-8.

On November 16, 2011, Deutsche Bank filed a motion to dismiss Plaintiff's first amended complaint on the grounds that it "lacks a cognizable legal theory" under Rule 12(b)(6)

for its declaratory judgment claims, that Grisham lacks standing to challenge the mortgage assignment, and that Grisham's fraud claim fails to satisfy the heightened pleading requirements of Rule 9(b). Doc. 8 at 5-12. In his response, Grisham stated: "Upon reflection, Grisham has concluded that [his] fraud-on-the-court claim is not appropriate in this context, and [that he] therefore withdraws that claim without prejudice to re-filing." Doc. 11 at 4.

II. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,*550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil

Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading, however, varies from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs.*, 343 F.3d at 724.

More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Benchmark Elecs.*, 343 F.3d at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

III. Analysis

In his first amended complaint, Grisham alleges that Deutsche Bank "committed fraud by manufacturing documentation to support its alleged ownership of the Note." Doc. 6 at 8. In addition, Grisham requests that the Court issue declaratory judgments "that Defendant does not own the Note and has no right to foreclose under the Deed of Trust," "that the purported Assignment is invalid and did not operate to transfer the Note to Defendant," "that Defendant is not entitled to an expedited foreclosure under TRCP 736," and "that Defendant is not a person

entitled to enforce the Note under Section 3.301 of the Texas Business & Commerce Code." *Id.* at 7.

A. Fraud

In his response to Deutsche Bank's motion to dismiss, Grisham withdrew his fraud claim, stating he "has concluded that the . . . fraud-on-the-court claim is not appropriate in this context," but that he desires to "withdraw[ ] that claim without prejudice to re-filing." Doc. 11 at 4. Although Grisham wishes to keep the possibility of a fraud claim in his pocket, as it were, he has expressed a clear and unequivocal desire to withdraw his only cause of action in this case.

Even if Grisham had not withdrawn his claim, however, both Grisham's original petition and amended complaint fail to state a claim for fraud. In Texas, the elements of fraud are that the defendant made a "material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994); *see also My Cafe-CCC, Ltd. v. Lunchstop, Inc.*, 107 S.W.3d 860, 866 (Tex. App.—Dallas 2003, no pet.) (noting no difference between fraud and fraudulent inducement elements). Grisham has identified no material misrepresentation on which he relied to his detriment. Grisham appears to base his fraud claim on his allegation that Deutsche Bank "committed fraud by manufacturing documentation to support its alleged ownership of the Note" (Doc. 6 at 8), but does not contend that Deutsche Bank made this material representation to *him*. In essence, Grisham's fraud claim rests on purported misrepresentations Deutsche Bank made in the original foreclosure action filed in state court. Deutsche Bank has withdrawn that case, however, and is not currently seeking to foreclose on

Grisham's home. *Id.* at 6. To the extent that Grisham attempts to assert a claim for fraud, if at all, he has failed to do so and his claim must be dismissed. There is, therefore, no current case or controversy over which this court has jurisdiction.

While Grisham has not specifically asserted a claim for wrongful foreclosure, he may be suggesting the Court infer that one has occurred as he is contesting Deutsche Bank's "right to foreclose under the Deed of Trust" and "to an expedited foreclosure under TRCP 736." *Id.* at 7. A wrongful foreclosure claim is inapposite in this context. In Texas, wrongful foreclosure is defined "as one in which an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property." *Sharnette Hyter v. Fremont Inv. & Loan*, No. 3-10-CV-1598-BD, 2011 WL 1781940, at *1 (N.D.Tex. Mar. 29, 2011) (citing *Sky/RGS Props., Ltd. v. First Nat'l Bank and Trust Co. of McAlester*, No. 3-96-CV-1313-P, 1996 WL 707014, at *3 (N.D.Tex. Dec. 4, 1996) (citing Texas cases)). Here, the parties do not dispute that no foreclosure sale has taken place. Grisham, therefore, is unable to state a claim for wrongful foreclosure.

B. Declaratory Judgment

With his original claim for fraud, Grisham requested declaratory relief "pursuant to Fed R. Civ. P. 57 and 28 USC §2201 [Declaratory Judgment Act (DJA)] and/or applicable Texas law." Doc. 6 at 7. The Texas Declaratory Judgment Act, like the federal Declaratory Judgment Act, is remedial only and "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (citing *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993)). Here, because Grisham has withdrawn his fraud claim or because that claim must be dismissed and because Deutsche Bank nonsuited its foreclosure action against Grisham's property, Grisham has no substantive cause of action, indeed no case or controversy, and seeks only declaratory relief. "'Since its

inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). Because Grisham has no substantive right on which to base his request for declaratory relief, the Court elects not to hear his case without prejudice to re-filing should a valid claim arise.

IV. Conclusion

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Deutsche Bank's motion to dismiss plaintiff's first amended complaint (Doc. 8) is GRANTED.

SIGNED at Houston, Texas, this 28th day of June, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE